# United States District Court
### Eastern District of North Carolina
### Western Division

**Case No. 5:25-CT-3073-BO**

(To be filled out by Clerk's Office only)



FILED

OCT 06 2025

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

SAMUEL CHRISTOPHER DAYNE SNADER

Inmate Number 205397

_(In the space above enter the full name(s) of the plaintiff(s).)_

# COMPLAINT

-against-

*(Pro Se Prisoner)*

Ennis Wright et. al,

Nichole Hoking

Jury Demand?
☑ Yes
☐ No

_(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section IV. Do not include addresses here.)_

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Page 1 of 10

## I. COMPLAINT

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).*

☑ 42 U.S.C. § 1983 (state, county, or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

☐ Action under Federal Tort Claims Act (United States is the proper defendant; must have presented claim in writing to the appropriate Federal agency and received a notice of final denial of the claim pursuant to 28 U.S.C. § 2401(b))

## II. PLAINTIFF INFORMATION

SAMUEL CHRISTOPHER DAYNE SNADER
Name

205397
Prisoner ID #

Cumberland County Detention Center
Place of Detention

204 Gillespie Street
Institutional Address

Fayetteville      NC      28301
City            State      Zip Code

## III. PRISONER STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

☑ Pretrial detainee ☑ State ☐ Federal
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced state prisoner
☐ Convicted and sentenced federal prisoner

## IV. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

Defendant 1: ENNIS WRIGHT
Name

SHERIFF
Current Job Title

131 Dick Street
Current Work Address

Fayetteville     NC     28301
City     State     Zip Code

Capacity in which being sued: ☑ Individual ☐ Official ☑ Both

Defendant 2: NICHOLE HOKING
Name

MAJOR "CHIEF JAILER"
Current Job Title

204 Gillespie Street
Current Work Address

Fayetteville     NC     28301
City     State     Zip Code

Capacity in which being sued: ☑ Individual ☐ Official ☑ Both

**Defendant(s) Continued**

Defendant 3: _____

Name

_____

Current Job Title

_____

Current Work Address

_____

City          State          Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☐ Both

Defendant 4: _____

Name

_____

Current Job Title

_____

Current Work Address

_____

City          State          Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☐ Both

## V. STATEMENT OF CLAIM

Place(s) of occurrence: CUMBERLAND County Detention Center

Date(s) of occurrence: 12/31/2024 —

State which of your federal constitutional or federal statutory rights have been violated:

Fourteenth Amendment, DUE PROCESS

*State here briefly the FACTS that support your case. Describe how each defendant was personally involved in the alleged wrongful actions, state whether you were physically injured as a result of those actions, and if so, state your injury and what medical attention was provided to you.*

FACTS:

1. On or about 12/31/24 Plaintiff was issued an inmate Sanction; and Placed on disciplinary Segregation Without a Formal Disciplinary Hearing. 2. Plaintiff was given numerous Disciplinary Sanctions Without the ability to appeal the Sanctions through an administrative Disciplinary Hearing; Which Caused plaintiff to suffer over (7) months of Disciplinary Segregation; 3. The Disciplinary Sanction signed by the Shift leader, directly under Supervisor Major Nichole Hoking "Chief Jailer", directly under Sheriff Ennis Wright "Sheriff" defendants States; ("SHIFT LEADER TO THE INMATE: I have reviewed and authorize this sanction. You have a Right to accept it or dispute it. If you accept it, the sanction begins

immediately. If you wish to dispute it, tell the compliance or hearing officer that you want to request a disciplinary hearing. He or She Will Contact you within the next 3 business days"). 4. The Detention center itself, in its policy on inmate Disciplinary Procedures appears to agree, treating Disciplinary segregation as a Sanction implementing liberty interests and triggering Procedural Protections. 5. Disciplinary Segregation of A Pretrial detainee

Case 5:25-ct-03073-BO-RJ    Document 18    Filed 10/06/25    Page 5 of 10

Who did what to you?

intended as a penalty for Disciplinary infractions, implicates a Protected liberty interest under the Fourteenth Amendment and may not be imposed Without DUEPROCESS. 6. The imposition of Disciplinary Segregation Without a hearing Violates Procedural DueProcess rights and the Defendants and Employees were deliberately indifferent and negligent in Violation of right to DUEPROCESS. 7. Plaintiff was never afforded the requisite DUEPROCESS "A contested hearing on the disciplinary Charge". Finding a Disciplinary hearing Where the Pretrial Detainee may Contest the charges against him," is the minimal requirement of the Wolff Process". 8. Plaintiffs DueProcess rights Were Violated because he did not recieve all the Process Due him Under the Standards established in Wolff, 418 U.S. at 564-66 and Hill, 472, U.S. at 455-56. 9. Defendants Violated the DUE PROCESS Clause of the fourteenth Amendment by failing to Provide adequate Procedural safeguards and, Particularly, a hearing in Connection With Plaintiffs disciplinary Sanctions. 10. Placement in Disciplinary Segregation implicated a liberty interest triggering Procedural DueProcess requirements; and, if so, Whether the Procedures afforded satisfied those requirements. See Wolff V. McDonnell, 418 U.S. 539, 556-57 94S. Ct. 2963, 41 L. Ed. 2d 935 (1974). 11. The Threat of any substantial deprivation of Liberty Within the confines of the Jail Such as Solitary Confinement, is a loss which can be imposed only after A full hearing with all Due Process Safeguards, that inmates could not be deprived of the right to confront and cross-examine their accusers, and that the inmates right to Present Witnesses could not be left to the unreviewable discretion of Jail officials. 12. Plaintiff has specified the deprivation of his Liberty interests through the Disciplinary Proceedings. 13. The Threat of any substantial deprivation of Liberty Within the Jail confines,

Such as Solitary Confinement, is a loss which can be imposed upon inmate, and his class only after a full hearing with all Due Process Safeguards. 14. Due Process rights are required Whenever an individual risks to a "Grievous Loss". Morrissey V. Brewer, 408 US. 471, 481. Goldberg V. Kelly, 397 U.S. 254, 263; 15. Plaintiff states that he was deprived of a Federally Protected Liberty interest without Due Process which is a clear Violation of Plaintiffs Due Process Rights. 16. The Touchstone of "Due Process" is Protection of the individual against arbitrary action of the Government. 17. There must be a written Statement by the fact finders as to the evidence relied on and the reasons for the disciplinary action. 18. The inability to recieve a formal disciplinary hearing has injured the Plaintiff and caused him to Suffer through a Liberty interest of over (7) months of Disciplinary isolation and caused the Plaintiff to Develope Clinical Depression and Severe Anxiety.

Wherefore, Plaintiff Samuel Christopher Dayne SNADER Requests from the Defendant's Ennis Wright and Nichole Hoking, compensatory and Punitive damages for Violation of DUE PROCESS and The Fourteenth Amendment in the amount of $1,550,000.00 and $300,000.00 in Stock options for the deprivation of Civil Rights resulting from the use of unconstitutional Procedures

Case 5:25-ct-03073-BO-RJ    Document 18    Filed 10/06/25    Page 7 of 10

## VI. ADMINISTRATIVE PROCEDURES

*WARNING: Prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.*

Have you filed a grievance concerning the facts relating to this complaint?  ☑ Yes  ☐ No

If no, explain why not:

Is the grievance process completed?  ☐ Yes  ☑ No

If no, explain why not:

it has been open without Review for Several months.

"No response"

"Ignored"

## VII. RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.*

Samuel Christopher Dayne Snøder Plaintiff requests from the Defendants Ennis Wright and Nichole Hoking compensatory and Punitive damages in the amount of $1,550,000.00 and $300,000.00 in Stock options

## VIII. PRISONER'S LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in forma pauperis in federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).*

Have you brought any other lawsuits in state or federal court while a prisoner?   ☐ Yes   ☑ No

If yes, how many? _____

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

## IX. PLAINTIFF'S CERTIFICATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

*Each Plaintiff must sign and date the complaint and provide prison identification number and prison address.*

9-25-24

Dated

Plaintiff's Signature

Samuel Christopher Dayne Snader

Printed Name

205397

Prison Identification #

204 Gillespie Street   Fayetteville   NC   28301

Prison Address         City         State   Zip Code