# IN THE UNITED STATES DISTRICT COURT
## For the Eastern District of North Carolina
### Western Division
File No: 5:25-CT-03073-BO

| | | |
|---|---|---|
| *SAMUEL CHRISTOPHER DAYNE SNADER,* | ) ) ) ) | |
| Plaintiff, | ) ) | **Answer** |
| v. | ) ) | of Defendants Wright, Hoking, and Morgan |
| | ) ) | |
| *ENNIS WRIGHT, et al.* | ) ) | |
| Defendants. | ) | |

Defendants, Wright, Hoking, and Morgan, answering the Complaint of the Plaintiff, allege and aver:

## Preliminary Statement

1. Defendants deny each and every allegation of the Complaint except as otherwise herein specifically and unequivocally admitted upon the actual personal knowledge of the Defendants in the paragraphs set forth in this Answer (and an admission upon information and belief is not such an unequivocal admission). In absence of such an unequivocal admission, however, each allegation contained in the Plaintiff's Complaint is specifically denied.

## First Count and Defense

2. Defendants submit that the claims, incidents, events, transactions or occurrences, or series of incidents, events, transactions or occurrences, alleged in the Complaint are insufficient to invoke the jurisdiction of the Court, and, therefore, the Complaint should be dismissed pursuant to Rule 12(b)(1) of the Rules of Civil Procedure.

1

## Second Count and Defense

3.  Defendants submit that the claims, incidents, events, transactions or occurrences, or series of incidents, events, transactions or occurrences, to the extent alleged in the Complaint are insufficient to assert the jurisdiction of the Court over a proper "person" under 42 U.S.C. § 1983, having the authority to act or acting under color of state law, and, therefore, the Complaint should be dismissed pursuant to Rule 12(b)(1), 12(b)(2) and 12(b)(6) of the Rules of Civil Procedure.

## Third Count and Defense

4.  Defendants submit that the events, transactions or occurrences, or series of events, transactions or occurrences, alleged in the Plaintiff's Complaint are insufficient to state a claim for relief against Defendants and, therefore, the Complaint should be dismissed pursuant to Rule 12(b)(6) of the Rules of Civil Procedure.

## Fourth Count and Defense

5.  Defendants submit that as to any state law claims which are or may be attempted to be asserted in the Plaintiff's pleading, Plaintiff failed to join a necessary party, and, therefore, the Complaint and this action should be dismissed pursuant to Rule 12(b)(7) of the Rules of Civil Procedure.

## Fifth Count and Defense

6.  To the extent that Plaintiff attempts to claim that the Defendants were negligent, reckless, or violated the rights of Plaintiff, (which allegations are specifically denied), Defendants maintain that the allegations are insufficient to state a claim for relief against the Defendants and, therefore, the Complaint should be dismissed pursuant to Rule 12(b)(6) of the Rules of Civil Procedure.

2

## Sixth Count and Defense

7.  Defendants submit that all of the averments of claims or defenses in the Plaintiff's Complaint are not made in numbered paragraphs, despite the requirement that all averments be made in numbered paragraphs and each be limited as far as practicable to a statement of a single set of circumstances. Therefore, the Complaint should be dismissed pursuant to Rules 10 and 41of the Rules of Civil Procedure.

## Seventh Count and Defense

8.  Defendants submit that all of the averments of claims or defenses in the Plaintiff's Complaint are not limited as far as practicable to properly stated and separated counts, despite the requirement that each claim founded upon a separate transaction or occurrence shall be stated in a separate count whenever a separation facilitates the clear presentation of the matters set forth. Therefore, the complaint should be dismissed pursuant to Rules 10 and 41of the Rules of Civil Procedure.

## Eighth Count and Defense

9.  Defendants deny each and every allegation of breach of duty, violation of civil rights, or the like, contained in the Plaintiff's Complaint, and the Defendants in this action were not deliberately indifferent to the Plaintiff's civil rights.

10. Defendants aver that each Defendant, as a part of each Defendant's employment, and the remaining staff members of the Cumberland County Detention Center provided proper supervision to Plaintiff, who was an incarcerated detainee of the Cumberland County Sheriff, detained awaiting trial on charges, *inter alia*, of felony larceny.

11. During the time that Plaintiff was detained in the Cumberland County Detention Center, awaiting trial, each Defendant provided reasonable and humane treatment to the Plaintiff consistent with their obligations under the United States Constitution and under North

Carolina law. Defendants deny the allegations which the Plaintiff otherwise asserts.

12. Defendants further aver and plead that no Defendant was either reckless or indifferent with respect to or in regard to Plaintiff.

13. Defendants further aver and plead that each Defendant followed proper protocols and procedures and acted consistent with the requirements or requisites for and under the circumstances.

### Ninth Count and First Affirmative Defense

14. Defendants interpose and plead the failure of the Plaintiff to comply with the Prison Litigation Reform Act by failing to exhaust all administrative remedies which were, in fact, and as a matter of law, available to him before asserting his claim against Defendants.

15. The Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a) as amended, requires each state and federal prisoner seeking to bring an action with respect to conditions or treatment of the putative plaintiff to exhaust all available administrative remedies before suing in federal court.

16. The exhaustion requirement ensures not only that the person alleged to have acted under color of law be given the opportunity to review its actions or to remedy them short of litigation, but also that the District Court has a complete record upon which to review and evaluate the plaintiff's claims.

17. In this case, although the Plaintiff knew and had been advised of the grievance process in the Cumberland County Detention Center, that is, the Cumberland County Jail, and he failed to exhaust such remedies or to bring his complaint against Defendants through the grievance process and ultimately to the persons responsible for the setting of policy and for the administration of the grievance process, the policy with respect to which provides for a five-step administrative remedy procedure seeking to explore and resolve the issues.

4

18. The Cumberland County Detention Center Grievance Policy of which all detainees are informed and must follow, directs the detainee to follow the five steps of the process:

  1. Step One (I): Submit the grievance to the appropriate area by category type. Include all relevant information about the claim that can be reasonably obtained. This will be accomplished using the electronic Kiosk. If your grievance is not resolved, file a notice of appeal as outlined in Step Two.

  2. Step Two (II): Submit grievances under the category "Staff Grievance" on the Kiosk. (In this step grievances may be titled "Grievance Appeal". Address the issue specifically to the Supervisor (Senior Sergeant or Lieutenant) of the area concerning the issue. The previous grievance Number (#) and the name of the Officer who answered the previous grievance must be listed. If the grievance is not resolved, file a notice of appeal Step Three (III).

  3. Step Three (III): Submit grievance to the Jail Manager (Captain) by following the same procedure you did with the Senior Sergeant or Lieutenant. If the grievance is not resolved, file a notice of appeal Step Four (IV).

  4. Step Four (IV): Submit a grievance to the Cumberland County Dispute Resolution Center. Allow ten (10) days (not including weekends and holidays) for a response. If the grievance is not resolved, the aggrieved party may file a notice of appeal for the review.

  5. Step Five (V): Submit grievance to the Jail Administrator (Chief Jailer) by following the same procedure you did with the Jail manager (Captain). The Jail Administrator's decision will be final.

19. Plaintiff failed to exhaust his administrative remedies.


**Tenth Count and Second Affirmative Defense**

20. As a further, additional or alternative defense, Defendants, without waiving any other defense, plead the defense of consent (including implied consent) as an affirmative defense to Plaintiff's claims regarding his placement and classification.

5

### Eleventh Count and Third Affirmative Defense

21. As a further, additional or alternative defense, Defendants, without waiving any other defense, plead the defense of immunity under the Eleventh Amendment to the United States Constitution in bar and as an affirmative defense to Plaintiff's claims.

### Twelfth Count and Fourth Affirmative Defense

22. As a further, additional or alternative defense, Defendants, without waiving any other defense, plead the defense of qualified immunity in bar and as an affirmative defense to Plaintiff's claims.

### Thirteenth Count and Fifth Affirmative Defense

23. As a further, additional or alternative defense, Defendants, without waiving any other defense as to the plaintiff's state law claims, if any, pleads the defense of privilege or immunity, including, but not limited to, the Public Duty Doctrine and Public Officer Immunity, as to the claims asserted by Plaintiff in this Complaint as an affirmative defense to Plaintiff's claims.

### Fourteenth Count and Sixth Affirmative Defense

24. As a further, additional or alternative defense, Defendants, without waiving any other defense, plead as a defense all common law privileges as to the claims asserted by Plaintiffs in this complaint as an affirmative defense to Plaintiff's claims.

### Fifteenth Count and Seventh Affirmative Defense

25. As a further, additional or alternative defense, Defendants, without waiving any other defense, plead the defense of the governmental immunity as an affirmative defense to Plaintiffs' claims. Accordingly, Defendants plead, pursuant to Rule 12, subsections (b)(1), (b)(2), (b)(6), and (b)(7) that the Court should dismiss this action on the grounds of such

immunity.

### Sixteenth Count and Eighth Affirmative Defense

26. As a further, additional or alternative defense, Defendants, without waiving any other defense, plead the defense of public officer immunity or the public duty doctrine as an affirmative defense to Plaintiff's claims.

### Seventeenth Count and Ninth Affirmative Defense

27. As a further, additional or alternative defense, Defendants, without waiving any other defense, plead the defense of immunity under the United States Constitution and the North Carolina Constitution in bar and as an affirmative defense to Plaintiff's claims. Defendants plead, pursuant to Rule 12, subsections (b)(1), (b)(2) and (b)(6) that the Court should dismiss this action on the grounds of such immunity.

### Eighteenth Count and Tenth Affirmative Defense

28. As a further, additional or alternative defense, Defendants, without waiving any other defense, and without making any admissions of liability, aver that the Plaintiff has not suffered any cognizable damages or injuries of consequence under the allegations of the Complaint.

### Nineteenth Count and Eleventh Affirmative Defense

29. As a further, additional or alternative defense, Defendants, without waiving any other defense, and without making any admissions of liability, aver that the Plaintiff contributed to his own injury, if, in fact, there was any injury to the Plaintiff, and caused his own injury, if, in fact, there was any injury to the Plaintiff.

### Twentieth Count: Negative and Affirmative Averments

30. Defendants offer the following responses and averments with regard to the paragraphs of the same number in the plaintiff's amended complaint D.E. 18 pages 5-7, "Facts":

7

1. Defendants deny the allegations of paragraph 1, as phrased, but state that on 30 December 2024, the detainee, Snader, the plaintiff in this action engaged in disorderly conduct, resulting in a disciplinary violation and was subjected to the sanction of disciplinary segregation, as to which he was advised of his right to object and to request a disciplinary hearing, which he failed to do, and he failed to abide by the inmate rights and the policies which provide for grievances and hearing steps.

2. With respect to the allegations of paragraph 2, defendants admit that Plaintiff was engaged in numerous violations of rules, guidelines and policies resulting in disciplinary sanctions, but the remaining allegations in paragraph 2 are denied, and the defendants state that the Plaintiff was offered the opportunity to accept or reject sanctions and if disputed, directed to tell the compliance officer or hearing officer that he wished to request a disciplinary hearing within 3 business days, but Plaintiff failed to do so and failed to exercise the due process offered him; Defendants deny the allegations as otherwise phrased.

3. With respect to the allegations in paragraph 3, the defendants deny that Major Hoking serves directly under Sheriff Ennis Wright in that Major Hoking is the keeper of the jail, and the shift leader is a lieutenant who responds to various members of the jail command staff, but generally the other allegations in that paragraph are admitted.

4. With respect to the allegations contained in paragraph 4, the defendants admit that the Detention Center policy treats disciplinary segregation as a sanction affecting liberty interest and triggering procedural sanctions and procedures; except as otherwise specifically admitted the allegations in paragraph 4 are denied.

5. With respect to the allegations contained in paragraph 5, the defendants admit that disciplinary segregation of a pretrial detainee as a penalty for disciplinary violations may implicate; a protected liberty interest under the 14th Amendment , including its

8

Due Process Clause; except as otherwise specifically admitted the allegations in paragraph 5 are denied.

6. As phrased, the allegations in paragraph 6 are denied, although certain principles implicated by that paragraph are true.

7. The allegations of paragraph 7 of the "Facts" in DE 18 are denied.

8. The allegations of paragraph 8 of the "Facts" in DE 18 are denied.

9. The allegations of paragraph 9 of the "Facts" in DE 18 are denied.

10. The allegations of paragraph 10 of the "Facts" in DE 18 are denied as phrased and as applied to this case.

11. The allegations of paragraph 11 of the "Facts" in DE 18 are denied as phrased although certain principles implicated by that paragraph are true.

12. The allegations of paragraph 12 of the "Facts" in DE 18 are denied.

13. The allegations of paragraph 13 of the "Facts" in DE 18 are denied as phrased and as applied to this case although certain principles implicated by that paragraph are true.

14. The allegations of paragraph 14 of the "Facts" in DE 18 are denied as phrased and as applied to this case although certain principles implicated by that paragraph are true.

15. The Plaintiff's statement quoted in paragraph 15 is denied and, therefore, the allegations of paragraph 15 of the "Facts" in DE 18 are denied as phrased and as applied to this case although certain principles implicated by that paragraph are true.

16. The allegations of paragraph 16 of the "Facts" in DE 18 are denied as phrased and as applied to this case although certain principles implicated by that paragraph are true.

17. The allegations of paragraph 17 of the "Facts" in DE 18 are denied as phrased and as applied to this case.

31. Defendants were not and have not been deliberately indifferent to the plaintiff's needs, conditions or placement in confinement.

32. Defendants deny each and every allegation of breach of duty, violation of civil rights, or the like, contained in the Plaintiff's Complaint.

33. Defendants deny that the Defendants acted in such a manner as to violate the rights of Plaintiff or any duty owed to the Plaintiff.

34. Defendants deny that the Defendants failed to offer proper process or to conduct an impartial disciplinary hearing.

35. Defendants followed the Sheriff's Office Policies regarding discipline and proper hearing procedures.

36. Neither Sheriff Wright nor Sheriff Morgan had direct involvement in any of the matters related to the plaintiff.

37. *Respondent superior* is inapplicable in a section 1983 action.

38. Punitive damages are not available in this action.

WHEREFORE, Defendants demand:

1. Dismissal of Plaintiff's Complaint and all claims asserted or which could have been raised in such pleading;

2. Judgment in favor of Defendants and against Plaintiff;

3. Recovery of the costs of and in this action, including counsel fees;

4.      Such other relief as the Court may deem just and proper.


Dated:  January 9, 2026

CUMBERLAND COUNTY SHERIFF'S OFFICE
OFFICE OF LEGAL COUNSEL


By:     s/ Ronnie M. Mitchell

Ronnie M. Mitchell
Attorney for Defendants Wright, Hoking, and Morgan
131 Dick Street
Fayetteville, NC 28301
rmitchell@ccsonc.org
Telephone:  (910) 321-6764
Facsimile:   (910) 321-6780
NC Bar No.: 8423

CUMBERLAND COUNTY SHERIFF'S OFFICE
OFFICE OF LEGAL COUNSEL


By:     s/ R. Andrew Porter

R. Andrew Porter
Attorney for Defendants Wright, Hoking, and Morgan
131 Dick Street
Fayetteville, NC 28301
aporter@ccsonc.org
Telephone:  (910) 321-6764
Facsimile:   (910) 321-6780
NC Bar No.: 54959

11

## Certificate of Service

The undersigned hereby certifies that in conformity with Rule 5 of the Rules of Civil Procedure the undersigned has caused a copy of Defendants Wright, Hoking, and Morgan's Answer to Plaintiff's Complaint, to be served upon the plaintiff by mailing a copy of the document in a properly addressed, postage pre-paid wrapper addressed to the plaintiff. Additionally, pursuant to Fed. R. Civ. P. 5 and Local Civil Rules 5.4 and 5.5, EDNC, this document has been filed by electronic means in compliance with the rules and service has been effected by electronic means through the court's transmission facilities as authorized by Rule 5.4 and in conformity with these rules.

Dated: January 9, 2026

CUMBERLAND COUNTY SHERIFF'S OFFICE
OFFICE OF LEGAL COUNSEL

By:  s/ Ronnie M. Mitchell

Ronnie M. Mitchell
Attorney for DefendantsWright, Hoking, and Morgan
131 Dick Street
Fayetteville, NC 28301
rmitchell@ccsonc.org
Telephone:  (910) 321-6764
Facsimile:   (910) 321-6780
NC Bar No.: 8423

Served Upon:
Samuel Christopher Dayne Snader
Craven CI
#1154614
PO Box 839
Vanceboro, NC 28586